UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUTH M. HUNTINGTON,

           Plaintiff,          Civil Action No. 19-13319
                                       Honorable Denise Page Hood
v.                                       Magistrate Judge David R. Grand

COMMISSIONER OF
SOCIAL SECURITY,

           Defendant.
_____/

**ORDER VACATING ORDER TO SHOW CAUSE (ECF No. 21)**

**and**

**REPORT AND RECOMMENDATION ON MOTION FOR
ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) (ECF No. 18)**

**I.    REPORT**

    **A.    Background**

        *1.    Procedural History*

On November 11, 2019, Plaintiff Ruth Huntington ("Huntington") filed suit against the Commissioner of Social Security, challenging the Commissioner's final decision denying her applications for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). On March 31, 2020, Huntington and the Commissioner stipulated to remand the case to the ALJ for further evaluation. (ECF No. 12). That same day, a judgment was entered remanding the case for further consideration by the ALJ pursuant to sentence four of the Social Security Act. (ECF No. 13).

On May 6, 2020, Huntington's attorney, Kerry J. Spencer ("Spencer"), filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"). (ECF No. 14). On June 4, 2020, the Honorable Denise Page Hood granted Spencer's motion and awarded $4,550.00 in attorney's fees pursuant to the EAJA. (ECF No. 17).

Huntington subsequently prevailed on remand, and the Social Security Administration issued a Notice of Award, dated October 28, 2020, awarding her $46,870.00 in past-due benefits. (ECF No. 22, PageID.816-22). On December 2, 2020, Spencer filed the instant motion[1] indicating that she represented Huntington at her new hearing, after which her claim for benefits was approved. (ECF No. 18, PageID.798). As a result, Spencer was paid an attorney fee of $6,000.00 (minus the attorney tax, for a total of $5,903.00) for her work at the hearing level. (*Id.*). Pursuant to the Notice of Award, $11,717.50 was withheld for attorney's fees; Spencer now requests $5,717.50 in attorney's fees pursuant to section 406(b) of the Act, which amounts to a rate of $219.90 per hour (26 hours x $219.90 per hour). (*Id.*, PageID.799). Spencer further indicated that, once she receives this fee, she will reimburse Huntington the $4,550.00 that she received under the EAJA. (*Id.*).

    2.    *Order to Show Cause*

On December 4, 2020, the Commissioner filed a response to Spencer's motion, for the purpose of advising the Court that the fee petition did "not appear to comply with Local Rule 54.2 regarding timeliness and the provision of the supporting documentation

---

[1] On December 16, 2020, Spencer's motion was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 20).

enumerated in the rule." (ECF No. 19, PageID.806-07).  First, the Commissioner asserted that Spencer's motion was untimely under the applicable Local Rules because it was not filed within "14 days after entry of judgment or receipt of the social security certificate award (notice of award), whichever is later." (*Id.*, PageID.806).  The Commissioner was correct that, although Spencer indicated in her motion that the Award Notice was dated October 28, 2020, she did not file her motion for attorney's fees until December 2, 2020.  The Commissioner also pointed out that Spencer's fee petition did not comply with the Local Rule's provision regarding supporting documentation.  Specifically, E.D. Mich. LR 54.2(c) provides as follows:

> The social security fee motion shall be accompanied by the following documents:
>
>> (1) a legible copy of the notice of award showing the amount of past due benefits and the amount withheld by the Secretary under 42 U.S.C. § 406,
>
> *       *       *
>
>> (3) a copy of any fee agreement entered into between the plaintiff and the attorney.

In her motion, although Spencer indicated that she attached a copy of the Notice of Award to her motion as Attachment A, and a copy of the fee agreement as Attachment C (ECF No. 18, PageID.799), neither document was attached to or provided with the motion.  Thus, Spencer's motion appeared to violate the Local Rules in this respect as well.  Finally, Spencer's motion stated, "Plaintiff's attorney is in the process of mailing a copy of his [sic] petition to Plaintiff and obtaining her approval or disapproval of his [sic] request; [s]he will provide her response to this Court." (*Id.*, PageID.802).  But, Spencer had not submitted to

3

the Court any documentation indicating Huntington's position as to Spencer's fee request. Despite the Commissioner raising these issues in his response brief, no reply was filed. Thus, it was unclear to the Court whether Spencer wished to further pursue the instant motion. Accordingly, on February 4, 2021, the Court issued an Order to Show Cause directing Spencer to explain, in writing, why the Court should not deny her Motion for Award of Attorney Fee Pursuant to 42 U.S.C. § 406(b) for failure to comply with the applicable Local Rules.

### 3. *Response to Order to Show Cause*

On February 18, 2021, Spencer filed a response to the Court's Order to Show Cause, explaining that, during the past year, her office has experienced challenges in (a) adjusting to remote work for staff and attorneys in light of the pandemic, and (b) the frequent change of schedules in both the Eastern and Western Districts of Michigan due to numerous requests for extensions and stays from the Social Security Agency. (ECF No. 22, PageID.812). Spencer further explained that, as a result, she mistakenly calendared the wrong due date for filing the motion for award of attorney's fees in this case. (*Id.*). Spencer further indicated that, in her rush to file her motion after determining that it was untimely, she mistakenly failed to file the Notice of Award with the fee petition. (*Id.*, PageID.813). Thus, Spencer apologized to the Court, indicating that her "failure to timely submit her motion in accordance with the local rules in this case was due to unusual circumstances[,]" and she asked the Court to grant her motion for attorney's fees and enable her to refund the EAJA amount to Huntington. (*Id.*, PageID.814). The Commissioner did not respond to this filing and thus does not oppose Spencer's request.

4

Having considered the facts set forth by Spencer in her filing, the Court hereby **VACATES** its prior Order to Show Cause **(ECF No. 21)**. The Court is well aware of the challenges and difficulties posed by the ongoing COVID-19 pandemic, as well as the many shifting dates and requested/granted extensions, particularly in social security cases. It is certainly plausible that, given these extraordinary circumstances, a deadline could fall through the cracks. For these reasons, and because the Commissioner does not challenge the facts set forth in Spencer's response to the Order to Show Cause, or otherwise oppose the arguments set forth therein, it is appropriate to proceed to consider Spencer's fee petition on the merits.

### B. Analysis

42 U.S.C. § 406(b) authorizes the Court to award attorney fees following the successful disposition of Social Security disability appeals. Section 206(b)(1) of the Social Security Act permits courts to award attorneys up to 25% of the past-due benefits to which a claimant is entitled after a favorable decision. Attorney fees are subject to the condition that they be reasonable for the services rendered. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002).

Contingent fee arrangements are allowed under the Social Security Act. In fact, an "agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable," even if amounts called for by the 25% contingency agreements compute to comparatively high hourly rates. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990) (citing *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) and *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d

981, 982 (6th Cir. 1990)). The Sixth Circuit has recognized that "[c]ontingent fees generally overcompensate in some cases and undercompensate in others." *Id*. (quoting *Royzer,* 900 F.2d at 982).

In Social Security cases, the 25% contingent fee "is not to be viewed as per se reasonable," but generally, "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez*, 865 F.2d at 746. Fees may be reduced below the 25% limit for improper conduct, ineffectiveness of counsel, and "situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*

In this case, there is no suggestion that Spencer behaved improperly or was ineffective. On the contrary, Spencer achieved a very successful result for Huntington. Nor does it appear that awarding the total fee requested herein would amount to a windfall. Spencer has submitted a full log of the activities she undertook before this Court on Huntington's behalf, which shows a total of 26 hours spent on her case. (ECF No. 18, PageID.803-04). Given that the amount requested from this Court is $5,717.50, the effective hourly rate for Spencer would be approximately $219.90. Awards using higher rates than this have been deemed reasonable by courts in the past. *See, e.g., Hamilton v. Comm'r of Soc. Sec.*, No. 09-11553, 2011 WL 10620498, at *5-6 (E.D. Mich. Aug. 15, 2011) (approving a contingency rate of $625 per hour for §406(b) fees); *Karadsheh v. Comm'r of Soc. Sec.*, No. 08-cv-988, 2011 WL 5041366, at *3 (W.D. Mich. Sept. 26, 2011) (approving a contingency rate of $360 per hour for §406(b) fees).

Moreover, in assessing a fee determination, courts have found it useful, although not necessary, to consider the defendant's position as to the reasonableness of the requested fee award. *See, e.g., Lewis v. Sec'y of Health & Human Servs.*, 707 F.2d 246, 248 (6th Cir. 1983). In this case, the Commissioner has not objected to the requested fee award, and thus presumably does not believe the fee requested is unreasonable.

## II.   RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Spencer's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) **(ECF No. 18)** be **GRANTED** and that attorney fees be awarded to her in the amount of $5,717.50 for work performed before this Court in connection with Huntington's Social Security appeal.

Dated: March 25, 2021          s/ David R. Grand
                               DAVID R. GRAND
                               UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising

some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 25, 2021.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
